## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **TINA WILCOX**, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>**TMCFM, INC., D/B/A ROCKSTAR HARLEY-DAVIDSON**, a Florida corporation,<br><br>        Defendant. | **CIVIL ACTION**<br><br><br>**Case No.  2:22-cv-349**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **TINA WILCOX** ("**WILCOX**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under the Americans with Disabilities Act (ADAAA), Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA) for (1) disability discrimination in violation of the ADAAA, (2) disability discrimination in violation of the FCRA, (3) retaliation in violation of the ADAAA, (4) gender discrimination in violation of Title VII, (5) gender discrimination in violation of the FCRA, (6) retaliation in violation of Title VII, and (7) retaliation in violation of the FCRA.

1

## PARTIES

2.     The Plaintiff, **TINA WILCOX** ("**WILCOX**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **WILCOX** performed work primarily in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **WILCOX** was an employee within the contemplation of the ADAAA, Title VII and FCRA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3.     The Defendant, **TMCFM, INC.** ("**HARLEY**" or "Defendant") does business as "Rockstar Harley-Davidson" and is a Florida corporation with a principal place of business in Lee County, Florida. **HARLEY** was **WILCOX**'s employer within the meaning of the FMLA, ADAAA, and FCRA as it employs in excess of 15 employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is

proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.   **WILCOX** began her employment with the Defendant in September 2018, and was employed as a service advisor.

7.   **WILCOX** performed her assigned duties in a professional manner and was very well qualified for her position. In fact, **WILCOX** received fully successful to very good performance reviews from the Defendant prior to requesting reasonable accommodations and objecting to gender discrimination.

8.   **WILCOX** was a qualified person with a disability, and thus a member of a protected class, as she suffers from hearing impairments.

9.   **WILCOX**'s impairments impact her ability to perform major life activities, such as communicating and working if reasonable accommodations are not provided.

10.   **WILCOX** has a history of these impairments that limits major bodily functions and several major life activities. **WILCOX**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

11.   In or about June 2019, **WILCOX** began requesting reasonable accommodations for her hearing impairments.

12.   More specifically, **WILCOX** requested a headset and amplified phone that is utilized for people with hearing impairments, allowing them to turn up the

volume as necessary to hear speech clearly. She also requested that the loud music being played throughout the Defendant's service department be turned down so that she may hear clearly and thus perform the essential functions of her position.

13.     **WILCOX**'s requests described above were made to the Defendant's general manager, human resources, and co-owner, but to no avail as the Defendant either ignored or denied **WILCOX**'s requests for reasonable accommodations.

14.     For example, the Defendant's responses were "we don't know how to lower the radio volume" and "no one knows how to do it." With respect to the special telephone system, the Defendant merely stated "we'll look into to it," even though **WILCOX** showed the Defendant's staff a picture of the type of telephone that she needed. The Defendant's only substantive response was "the telephone is too expensive," which is untrue.

15.     **WILCOX** previously worked for a Harley-Davidson in New Jersey for several years and her disability was reasonably accommodated in a manner consistent with her above-noted requests. However, the Defendant never provided the reasonable accommodations for **WILCOX**'s disability for the entire period of time she was employed.

16.     **WILCOX** continued to request reasonable accommodations right up until the week she was terminated in April 2021.

17.     Furthermore, **WILCOX** experienced gender discrimination and made several complaints about it together with her complaints of disability discrimination.

18.     **WILCOX** was the only full-time female service advisor until approximately January 2021.

19.     The Defendant's service advisors are paid a low hourly wage and then receive commission on the services sold to customers. Accordingly, if customers are not being assigned to a service advisor, they cannot earn commissions.

20.     Beginning in or about May 2019, **WILCOX** began suffering gender discrimination whereby the Defendant would assign customers to its male service advisors but would either not assign customers – or assign very few – to **WILCOX**. This adversely affected the terms and conditions of **WILCOX**'s employment and caused her to lose income.

21.     **WILCOX** continued to complain about this right up until the week she was terminated in April 2021.

22.     At all material times, the Defendant was aware of **WILCOX**'s disability, gender and engagement in statutorily protected activity, and consequently, her protected classes, which form the basis for its discriminatory and retaliatory employment practices toward her.

23.   To the extent the Defendant may suggest that **WILCOX** was terminated due to low scores – which is untrue – the Defendant treated similarly situated male and non-disabled employees in a more favorable manner, including but not limited to Travis Clark, who retained his position despite inferior work performance and scores.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

24.   The Plaintiff hereby incorporates by reference Paragraphs 1-16 and 23 in this Count by reference as though fully set forth below.

25.   At all relevant times, **WILCOX** was an individual with a disability within the meaning of the ADAAA.

26.   Specifically, **WILCOX** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

27.   **WILCOX** is a qualified individual with disabilities as that term is defined in the ADAAA.

28.   **WILCOX** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

29.   At all material times, **WILCOX** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

6

30.     Defendant was made aware and was aware of **WILCOX**'s disabilities, which qualify under the ADAAA.

31.     Defendant discriminated against **WILCOX** with respect to the terms, conditions, and privileges of employment because of her disabilities.

32.     Defendant conducted itself with malice or with reckless indifference to **WILCOX**'s federally protected rights.

33.     Defendant discriminated against **WILCOX** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

34.     The conduct of Defendant altered the terms and conditions of **WILCOX**'s employment and **WILCOX** suffered negative employment action in the form of discipline and termination.

35.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **WILCOX** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

36.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole.

37.     As a direct and proximate result of the Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

38.     **WILCOX** has exhausted her administrative remedies and this count was timely brought. (*See* Exhibit A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages;

vi.     Punitive damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

39.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 and 23 in this Count by reference as though fully set forth below.

40.     At all relevant times, **WILCOX** was an individual with a disability within the meaning of the FCRA.

41.     Specifically, **WILCOX** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

42.     **WILCOX** is a qualified individual with disabilities as that term is defined in the FCRA.

43.     **WILCOX** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

44.     At all material times, **WILCOX** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

45.     Defendant was made aware and was aware of **WILCOX**'s disabilities, which qualify under the FCRA.

46.     Defendant discriminated against **WILCOX** with respect to the terms, conditions, and privileges of employment because of her disabilities.

47.     Defendant conducted itself with malice or with reckless indifference to **WILCOX**'s protected rights under Florida law.

48.     Defendant discriminated against **WILCOX** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

49.     The conduct of Defendant altered the terms and conditions of **WILCOX**'s employment and **WILCOX** suffered negative employment action in the form of discipline and termination.

50.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **WILCOX** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

51.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole.

52.     As a direct and proximate result of the Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

10

53.     **WILCOX** has exhausted her administrative remedies and this count was timely brought. (*See* Ex. A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages;

vi.     Punitive damages, and;

vii.    Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADAAA- RETALIATION

54.     Plaintiff incorporates by reference Paragraphs 1-16 and 23 of this Complaint as though fully set forth below.

55.    Following **WILCOX**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **WILCOX**.

56.    Said protected activity was the proximate cause of Defendant's negative employment actions against **WILCOX** including changed working conditions, discipline, and ultimately termination.

57.    Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **WILCOX** via changed working conditions, discipline, and termination.

58.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADAAA.

59.    As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **WILCOX** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

60.    As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

61.    As a direct and proximate result of Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

62.    **WILCOX** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Compensatory damages;

vi.    Punitive damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

63.    Plaintiff incorporates by reference Paragraphs 1-7 and 17-23 of this Complaint as though fully set forth below.

64.    **WILCOX** is a female and as such, is a member of a protected class.

65.    At all material times, **WILCOX** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

66.    **WILCOX** was qualified for the positions that she held with the Defendant.

67.    **WILCOX** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

68.    The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **WILCOX**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

69.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **WILCOX** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

70.    As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the

prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

71.    As a direct and proximate result of the Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72.    **WILCOX** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Punitive damages;

vi.     Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## <u>COUNT V – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION</u>

73.     Plaintiff incorporates by reference Paragraphs 1-7 and 17-23 of this Complaint as though fully set forth below.

74.     **WILCOX** is a female and as such, is a member of a protected class.

75.     At all material times, **WILCOX** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

76.     **WILCOX** was qualified for the positions that she held with the Defendant.

77.     **WILCOX** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

78.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **WILCOX**'s gender in violation of the FCRA.

79.      As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **WILCOX** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

80.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole as provided for under the FCRA.

81.     As a direct and proximate result of the Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

82.     **WILCOX** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Reasonable attorney's fees plus costs;

vi.     Punitive damages;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

### **COUNT VI – VIOLATION OF TITLE VII- RETALIATION**

83.     Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

84.     Following **WILCOX**'s objections to gender discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **WILCOX**.

85.     Said protected activity was the proximate cause of Defendant's negative employment actions against **WILCOX** including changed working conditions, discipline, and ultimately termination.

86.     Instead of ceasing its disparate treatment, Defendant retaliated against **WILCOX** via changed working conditions, discipline, and termination.

87.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Title VII.

88.      As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **WILCOX** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

89.     As a direct and proximate result of the violations of Title VII, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole as provided for under Title VII.

90.     As a direct and proximate result of Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

91.     **WILCOX** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages;

vi.     Punitive damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## COUNT VII – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

92.     Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

93.     Following **WILCOX**'s requests for reasonable accommodation and objections to gender discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **WILCOX**.

94.     Said protected activity was the proximate cause of Defendant's negative employment actions against **WILCOX** including changed working conditions, discipline, and ultimately termination.

95.     Instead of ceasing its disparate treatment, Defendant retaliated against **WILCOX** via changed working conditions, discipline, and termination.

96.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

97.      As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **WILCOX** has lost all of the benefits and privileges of

her employment and has been substantially and significantly injured in her career path.

98.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WILCOX** is entitled to all relief necessary to make her whole as provided for under the FCRA.

99.     As a direct and proximate result of Defendant's actions, **WILCOX** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

100.   **WILCOX** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.     Reimbursement of all expenses and financial losses Plaintiff has

incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.     Compensatory damages;

vi.     Punitive damages, and;

vii.     Such other relief as this Court shall deem appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

**NOW COMES** the Plaintiff, **TINA WILCOX**, by and through her

undersigned attorneys, and demands a jury trial under Federal Rule of Civil

Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,


Dated: June 3, 2022               <u>**/s/ Benjamin H. Yormak**</u>
                                  Benjamin H. Yormak
                                  Florida Bar Number 71272
                                  Lead Counsel for Plaintiff
                                  YORMAK EMPLOYMENT & DISABILITY LAW
                                  27200 Riverview Center Blvd., Suite 109
                                  Bonita Springs, Florida 34134
                                  Telephone: (239) 985-9691
                                  Fax: (239) 288-2534
                                  Email: byormak@yormaklaw.com